IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATIONAL ELECTRICAL BENEFIT FUND,<br>2400 Research Boulevard<br>Rockville, Maryland 20850,<br><br>        Plaintiff,<br><br>        v.<br><br>HOWARD ELECTRICAL CONTRACTING, INC.,<br>a Tennessee corporation,<br>1931 Riley Drive<br>Lenoir City, TN 37771,<br><br>        Defendant. | Civil Action No.  8:18-cv-2281 |

## COMPLAINT

1. This is an action brought by the Trustees of a multiemployer pension plan, the National Electrical Benefit Fund (hereinafter the "NEBF"), to collect delinquent pension fund contributions and related amounts from Defendant Howard Electrical Contracting, Inc., and to compel Defendant to provide NEBF's auditor with access to payroll records as Defendant is required to do under the provisions of its collective bargaining agreements and the NEBF plan documents.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this matter pursuant to Section 502(e) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. § 1132(e). This action is brought by fiduciaries to the NEBF and arises under Sections 502(a)(3)

and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), and 1145.  Venue is proper because the NEBF is administered within this district.  ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

3. This Court also has jurisdiction of this matter pursuant to Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

PARTIES

4. The NEBF is a multiemployer employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement entered into between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA").  Employers agree to participate in the NEBF pursuant to collective bargaining agreements with the IBEW or one of its affiliated local unions.  The address of the NEBF is 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3238.

5. Defendant is an employer engaged in an industry affecting commerce, is contractually and legally obligated to submit contributions to the NEBF, and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).  Upon information and belief, Defendant is a Tennessee corporation that whose main place of business is 1931 Riley Drive, Lenoir City, TN 37771.

STATEMENT OF CLAIM

6. Defendant is a signatory, and has been a signatory since 2016 to one or more collective bargaining agreements (the "Collective Bargaining Agreements") with IBEW Local Union 270 as the collective bargaining representative of Defendant's employees. Pursuant to the Collective Bargaining Agreements, Defendant has been and is currently obligated to submit contributions to the NEBF on behalf of the employees covered by the Collective Bargaining Agreements.

7. Defendant, pursuant to the Collective Bargaining Agreements, has been and is also bound to all terms and conditions of the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund (the "NEBF Trust Agreement"), which has governed the administration of the NEBF at all times relevant to this action.

8. Notwithstanding its obligations pursuant to the Collective Bargaining Agreement and the NEBF Trust Agreement, Defendant has been delinquent in making contributions to the NEBF on behalf of its employees covered by the Collective Bargaining Agreement.

9. According to reports prepared by Defendant and submitted to NEBF's local collection agent, Defendant owes, but did not pay, the NEBF at least $2,304.35 in contributions for work performed in November and December 2016.

10. NEBF and its counsel made several demands for payment of the amounts due, but Defendant failed to satisfy its contractual obligations.

11. Interest on the aforementioned delinquent contributions is $432.49.

12. Liquidated damages on the aforementioned delinquent contributions are equal to $460.87.

13. The Collective Bargaining Agreement and the Trust Agreement provide that the NEBF has the right to audit signatory employers for the NEBF to determine whether Defendant complied fully with its obligation to the NEBF.

14. NEBF has requested that Defendant submit its payroll records for an audit of its books and records for the period January 1, 2014 through December 31, 2016, but Defendant has failed and refused to provide the information requested.

15. Section 515 of ERISA requires an employer to make contributions to a multiemployer pension plan in accordance with its obligations under a collectively bargained agreement and the plan documents. 29 U.S.C. § 1145.

16. Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of the plan through a civil action. 29 U.S.C. § 1132(a)(3).

17. Section 502(g)(2) of ERISA provides that a fiduciary of a multiemployer plan bringing suit to recover delinquencies under Section 515 shall recover in addition to the unpaid contributions, interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief. 29 U.S.C. § 1132(g)(2).

18. According to the Collective Bargaining Agreements, the Employees Benefit Agreement, and 29 U.S.C. § 11132(g)(D)(2), Defendant is obligated to pay any contributions shown to be due upon completion of the audit, plus interest at a rate of ten percent (10%) per annum, liquidated damages in an amount equal to twenty percent (20%) of the delinquency, and all costs, including attorneys' fees and audit expenses, incurred in collecting the delinquency.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in their favor, and that the Court's judgment include:

(a) an award of $2,304.35 in delinquent contributions currently known to be due NEBF for work performed in November and December 2016; plus interest at the rate of 10% per annum compounded monthly and $460.87 in liquidated damages; and

(b) an order that Defendant provide NEBF with access to its payroll records the period January 1, 2014, through the present so that NEBF can determine whether additional contributions are due it; and

(c) an order that Defendant pay all contributions shown to be due and owing upon completion of NEBF's payroll compliance review, interest at the rate of 10% per annum, liquidated damages in the amount of 20% of the delinquent contributions, and any audit fees incurred by NEBF; and

(d) an award of all attorney's fees and cost incurred by the NEBF in connection with this matter.

Plaintiff further prays that the Court grant such other legal and equitable relief as the Court deems appropriate.

Dated: July 26, 2018

*/s/  Jennifer Bush Hawkins*
Jennifer Bush Hawkins (13064)
POTTS-DUPRE, HAWKINS & KRAMER, CHTD.
900 7th Street, N.W., Suite 1020
Washington, DC 20001
Phone: (202) 223-0888
Fax:  (202) 223-3868
jhawkins@phk-law.com

*Attorney for Plaintiff*
*National Electrical Benefit Fund*